UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'  JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS RUSSELL ET AL. MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 21, filed August 6, 2015)

## I.   INTRODUCTION

On July 9, 2015, plaintiff Guess?, Inc. ("Guess") filed this action against defendants Marisol Russell, Melissa Porcello, Dana Anderson, Kristopher Sutton, and Damaris Ramos (collectively, "defendants").  Guess requests a declaration, as a matter of law, that defendants are precluded from arbitrating claims against Guess on a class-wide basis, but rather must proceed on an individual basis.  See Dkt. 1.  In the instant motion, defendants argue that the availability of class arbitration is an issue that must be decided by an arbitrator and not the Court.  See generally Dkt. 21.

On August 11, 2014, defendants filed a demand for class arbitration against Guess before the American Arbitration Association ("AAA") in New York asserting claims for unpaid overtime under the federal Fair Labor Standards Act ("FLSA") and wage and hours laws of New Jersey, New York, and Illinois.  Dkt. 1, at 2, Exh. A.  On November 24, 2014, the AAA transferred the arbitration to Los Angeles pursuant to the parties' Agreement to Arbitrate.  Id. at 2.  On August 6, 2015, defendants filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 2.  On September 9, 2015, plaintiff filed an opposition to defendants' motion to dismiss.  Dkt. 32. On September 14, 2015, defendants filed a reply in support of their motion to dismiss.  Dkt. 35.  On September 22, 2015, the Court took this matter under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'   JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

submission.[1]  Dkt. 37.  Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Defendants Russell, Porcello, Anderson, Sutton, and Ramos were employed by plaintiff Guess as "co-managers" in Guess's retail stores.  Compl. ¶ 15–19.  Plaintiff alleges that, before starting their employment with Guess, each defendant executed an Agreement to Arbitrate.  Id. ¶ 26–30; Dkt. 1, Exs. A-F (employee Agreements to Arbitrate).  The Agreements to Arbitrate contains an arbitration provision (the "Arbitration Provision"), which states:

> This Agreement to Arbitrate ("Agreement") is entered into by and between GUESS?, INC., and it's [sic] subsidiary and affiliated companies, and each of their officers, directors, agents, employees, benefit plans, insurers, successors and assigns (collectively, the "Company") and ("Associate").
>
> It is the desire of the parties to this Agreement that, whenever possible, disputes relating to employment matters will be resolved in an expeditious manner.  Each of the parties hereto is voluntarily entering into the Agreement in order to gain the benefits of a speedy, impartial dispute-resolution procedure. The Company and Associate mutually agree that any dispute or controversy arising out of or in any way related to any Dispute, as defined herein, shall be resolved exclusively by final and binding arbitration pursuant to the arbitrator's written award indicating the essential findings and conclusions on which the award is based.  Such arbitration shall be held in Los Angeles, California pursuant to the Model Rules for Arbitration of Employment Disputes of the American Arbitration Association then in effect.
>
> . . . .The potential Disputes, which the parties agree to arbitrate, pursuant to this Agreement, include but are not limited to:

---

[1] Pursuant to Central District Local Rule 7-15, the Court finds this motion appropriate for decision without oral argument.  See also Fed. R. Civ. P. 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'   JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

> • Claims for wages or other compensation due; . . . .
>
> Either party may bring an action in any court of competent
> jurisdiction to compel arbitration under this Agreement and to enforce
> an arbitration award.

Dkt. 1, at 38.

Defendants allege that during their time as store co-managers, they regularly worked more than forty hours per week without overtime compensation, See,e.g., Dkt. 1, Exh. A, ¶¶ 9, 17, subject to Guess's policy of allegedly misclassifying its co-managers as exempt from the FLSA and state wage laws, Id. ¶ 1. Defendants bring the present class arbitration to recover unpaid overtime wages on behalf of all co-managers who worked at Guess stores nationwide (outside California). Id. ¶ 2.

## III. DISCUSSION

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24(1983)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone, 460 U.S., at 24-25.

Generally, when a party contends that a given dispute is subject to an arbitration agreement the court's role is limited to determining two gateway issues: (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). However, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). "[T]he question of arbitrability, is an issue for judicial determination unless the parties *clearly and unmistakably* provide otherwise." Howsam

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (emphasis added) (internal citations and quotations omitted). Moreover, "the [Supreme] Court has found the phrase 'question of arbitrability' not applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus 'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Id. at 84.

     As an initial matter, defendants argue that the availability of class arbitration is a "procedural question" which presumptively should be decided by an arbitrator, not the Court. In support of this position, defendants rely principally on Green Tree Financial Corporation v. Bazzle, 539 U.S. 444 (2003), in which a plurality of the Supreme Court found that an arbitrator, rather than the court, should determine whether an arbitration agreement authorizes class arbitration. Bazzle, 539 U.S. at 451–53.[2] However, in Stolt-Nielsen S.A. v. AnimalFeeds International Corp., the Supreme Court took pains to emphasize that "no single rationale commanded a majority" in Bazzle, and that "only the plurality" found that the availability of class arbitration should be decided by an arbitrator. 559 U.S. 662, 678-80 (2010); see also Oxford Health Plans LLC v. Sutter, 133 S. Ct 2064, 2068 n.2 (2013) ("[The Supreme] Court has not yet decided whether the availability of class arbitration is a question of arbitrability.").

     In the wake of Stolt-Nielsen, only two circuit courts have directly addressed this issue, however both courts determined that the availability of class arbitration is a gateway "question of arbitrability" presumptively to be decided by the court. See Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 335–36 (3d Cir. 2014) ("[T]he availability of class arbitration is a question of arbitrability for a court to decide unless the parties unmistakably provide otherwise.") (internal quotation marks omitted); Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett, 734 F.3d 594, 599 (6th Cir. 2013) ("[T]he question whether an arbitration agreement permits classwide arbitration is a

---

[2] Specifically, the Supreme Court plurality found that class arbitrability did not fall within the "limited circumstances" in which a party would expect a court to make the determination because it "concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties." Id. at 452–53. Instead, the Court found that the question of class arbitrability involved "*what kind of arbitration proceeding* the parties agreed to," which is a question involving contract interpretation and arbitration procedures that "[a]rbitrators are well situated to answer." Id. (emphasis in original).

Case 2:15-cv-05191-CAS-AS   Document 38   Filed 11/12/15   Page 5 of 9   Page ID #:433

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'   JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

gateway matter . . . reserved for judicial determination unless the parties clearly and unmistakably provide otherwise.") (internal quotation marks omitted).[3]

Accordingly, while the law in this area is somewhat unsettled, it would appear that courts have increasingly found the availability of class arbitration to be a gateway question of arbitrability presumptively for the court to decide.  See also Chico v. Hilton Worldwide, Inc., 2014 WL 5088240, at *11 (C.D. Cal. Oct. 7, 2014) (adopting the reasoning of Opalinski and Reed Elsevier and concluding that "because the parties did not clearly and unmistakably provide otherwise, the Court, rather than the arbitrator, must decide whether the [arbitration agreements] authorize class arbitration."); Dominic Cobarruviaz, et al. v. Maplebear, Inc., 2015 WL 6694112, at *9 (N.D. Cal. Nov. 3, 2015) ("the Court decides the gateway question of whether class arbitration is permitted by the Agreement.").

However, even if the availability of class arbitration is considered a gateway "question of arbitrability" that does not end the Court's analysis.  Rather, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' " so long as their agreement "clearly and unmistakably" provides that an arbitrator should decide such issues.  Rent-A-Center, 561 U.S. 63, 68-69 (2010); Howsam, 537 U.S., at 83.  Here, the parties' agreement states that all employment-related disputes will be resolved "pursuant to the Model Rules for Arbitration of Employment Disputes of the American Arbitration Association then in effect."  Dkt. 1, at 38.  "Virtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's [] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."  Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1074 (9th Cir. 2013).

---

[3] Similarly, in a brief, unpublished opinion, the Ninth Circuit recently held that a district court did not err in striking the plaintiff's class claims because "[i]ssues that contracting parties would likely have expected a court to have decided are considered gateway questions of arbitrability for courts, and not arbitrators, to decide," and that "[t]he Supreme Court has made it clear that class action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator."  Eshagh v. Terminx Int'l Co., 588 Fed. Appx. 703, 704 (9th Cir. 2014) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

Moreover, agreement to the AAA's Rules for Arbitration of Employment Disputes also constitutes agreement to the AAA's Supplemental Rules for Class Arbitration.[4] Rule 3 of the Supplemental Rules provides, in pertinent part:

> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, *whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class*.

AAA Supp. R. 3 (emphasis added).

---

[4] "Many courts have held that 'consent to any of the AAA's substantive rules also constitutes consent to the Supplementary Rules and, if a dispute that otherwise would be arbitrated under the AAA rules involves a purported class, then the proceeding is governed by both the AAA rules and the AAA Supplementary Rules for Class Arbitrations.' " Marriott Ownership Resorts, Inc. v. Flynn, 2014 WL 7076827, at *3 (D. Hawaii Dec. 11, 2014) (collecting cases); Yahoo! Inc. v. Iversen, 836 F.Supp.2d 1007, 1011–12 (N.D. Cal. 2011) (holding that parties' agreement to AAA National Rules for the Resolution of Employment Disputes also constituted agreement to the Supplementary Rules); Reed v. Florida Metro. Univ., Inc., 681 F.3d 630, 635–36 (5th Cir.2012) ("Commentators and AAA arbitral tribunals have consistently concluded that consent to any of the AAA's substantive rules also constitutes consent to the Supplementary Rules.") abrogated on other grounds by Oxford, 133 S.Ct. 2064. Furthermore, the text of the AAA's Supplemental Rules for Class Arbitration strongly suggests that those rules are intended to be used in conjunction with the AAA's substantive rules. Specifically, Rule 1(a) of the Supplemental Rules states:

> These Supplementary Rules for Class Arbitrations ("Supplementary Rules") shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules.

AAA Supp. R. 1(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

      Numerous courts have held that, in light of this provision, agreement to the supplemental rules constitutes "clear and unmistakable" evidence that the parties agreed to have an arbitrator determine the availability of class arbitration. See, e.g., Crook v. Wyndham Vacation Ownership, Inc., 2015 WL 4452111, at *4 (N.D. Cal. 2015) ("[A] party that agrees to the Supplementary Rules clearly and unmistakably agrees to delegate the availability of class arbitration to the arbitrator."); Reed, 681 F.3d at 635–36 ("The parties' consent to the Supplementary Rules . . . constitutes a clear agreement to allow the arbitrator to decide whether [their] agreement provides for class arbitration."); Marriott, 2014 WL 7076827, at *14 ("[I]ncorporation of the Supplementary Rules constitutes clear and unmistakable evidence of an intent to have an arbitrator address the question of class arbitrability."); Price v. NCR Corp., 908 F.Supp.2d 935, 945 (N.D. Ill. 2012) (by incorporating the Supplementary Rules into their agreement, "the parties agreed that an arbitrator, and not this Court, would determine whether the agreement authorizes class arbitration"); Bergman v. Spruce Peak Realty, LLC, 2011 WL 5523329, at *3–5 (D. Vt. Nov. 14, 2011) (relying on Supplementary Rule 3 in holding that "whether there is a contractual basis for concluding that the defendants agreed to submit to class arbitration is an issue that must be referred to the arbitrator"); S. Commc'ns Servs., Inc. v. Thomas, 829 F.Supp.2d 1324, 1337–38 (N.D.Ga.2011) (incorporation of the Supplementary Rules "gave the arbitrator the power to decide whether the Arbitration Clause implicitly authorized class proceedings"); see also Chesapeake Appalachia, LLC v. Burkett, 2014 WL 5312829, at *4–8 (M.D. Pa. Oct. 17, 2014) (relying in part on Supplementary Rule 3 in holding that "incorporation of the AAA rules into the lease at issue . . . vested the arbitrators with the authority in this case to decide issues of arbitrability, including the issue of 'who decides' class arbitrability."); Yahoo! Inc., 836 F.Supp.2d at 1012 (N.D. Cal. 2011) ("[T]he incorporation by reference of the AAA Supplementary Rules . . . constitutes a clear and unmistakable agreement to have the arbitrator decide questions regarding the arbitrability of classwide claims.") (internal citations omitted).

      In accordance with the numerous other courts to have decided this issue, the Court finds that by agreeing to resolve their disputes in accordance with the AAA's Model Rules for Arbitration of Employment Disputes, the parties also agreed to the AAA's Supplemental Rules for Class Arbitration. In doing so, the parties "clearly and unmistakably" agreed that an arbitrator, and not the court, would determine the availability of class arbitration under the parties arbitration agreement.

      Guess argues that in light of the Supreme Court's decision in Stolt-Nielsen, the parties cannot be deemed to have consented to arbitrate the availability of class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

arbitration without a more express provision in their agreement to that effect. Opp'n., at 8-9. However, in Stolt-Nielsen, the Court held only that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." 559 U.S., at 684. As other courts have recognized, this decision "concerns only *how to decide*, whether an arbitration agreement authorizes class arbitration, not *who decides*." Lee v. JPMorgan Chase & Co., 982 F. Supp. 2d 1109, 1113 (C.D. Cal. 2013). Accordingly, while Stolt-Nielsen may be relevant to determining whether a particular agreement authorizes class arbitration, it has no bearing on *who* should make that determination. Moreover, plaintiff's argument is belied by the weight of post-Stolt-Nielsen authority holding that incorporation of the AAA's model rules constitutes consent to have an arbitrator decide the availability of class arbitration.[5]

Accordingly, the Court GRANTS defendants' motion to dismiss.

## V.   CONCLUSION

In the instant action, Guess seeks a declaratory judgment that defendants are precluded from arbitrating claims against Guess on a class-wide basis. Because the Court finds that, pursuant to the parties arbitration agreement, the availability of class

---

[5] Likewise, Guess notes that in Eshagh the relevant arbitration agreement incorporated the AAA's model rules, but that, nonetheless, the Ninth Circuit held that the district court did not err in striking class claims in the process of compelling arbitration. However, nowhere in Eshagh did either the Ninth Circuit or the underlying district court address the "clear and unmistakable" standard for delegating questions of arbitrability. See also Crook, 2015 WL 4452111, at *7 ("[Defendant] is correct that the arbitration provision in [Eshagh] provided for arbitration 'in accordance with the Commercial Arbitration Rules then in force of the [AAA].' But [defendant] fails to note that neither the underlying district court order nor the Ninth Circuit opinion addresses whether the parties clearly and unmistakably agreed to arbitrate the availability of class arbitration."). Accordingly, Eshagh provides, at most, only minimal guidance regarding whether incorporation of the AAA's model rules constitutes an agreement to arbitrate the availability of class arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'   JS-6**

| Case No. | 2:15-cv-05191-CAS(ASx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | GUESS?, INC. V. RUSSELL, ET AL. | | |

arbitration is an issue that must be decided by an arbitrator, the Court GRANTS Defendants' motion to dismiss.

　　IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |